IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ALMA ROBINSON,

    Plaintiff,

vs.                                             No. 04-2333 D/V

FIRST HORIZON EQUITY LENDING,

    Defendant.

### ORDER GRANTING DEFENDANT'S SECOND MOTION TO COMPEL

Before the court is the March 31, 2005 motion of the defendant, First Horizon Equity Lending ("First Horizon"), pursuant to Federal Rule of Civil Procedure 37, for an order compelling the plaintiff, Alma Robinson, to supplement her Initial Disclosures, Answers to Defendant's First Set of Interrogatories, and Responses to Defendant's First Request fo Production of Documents, Writings and Things. This motion was referred to the United States Magistrate Judge for determination. For the following reasons, First Horizon's motion is granted.

### BACKGROUND

The court's August 26, 2004 scheduling order set September 28, 2004 as the deadline for initial disclosures and April 29, 2005 as the deadline for completing all discovery. Robinson failed to serve First Horizon with her initial disclosures by September 28.

On October 22, First Horizon served Robinson with its first set of interrogatories and first request for production of documents, writings, and things. Again, Robinson failed to respond. On January 18, 2005, First Horizon filed its first motion to compel. The court granted the request, and Robinson served her initial disclosures and discovery responses on February 18, 2005.

On March 7, First Horizon sent a letter to Robinson's counsel detailing what it considered to be deficiencies in Robinson's initial disclosures and discovery responses. First Horizon did not receive a response from Robinson. With the deadline for completing discovery approaching, First Horizon filed this second motion to compel requesting that Robinson supplement her disclosures and discovery responses.

## ANALYSIS

A.  INITIAL DISCLOSURES

Rule 26(a)(1)(C) states:

> [A] party must, without awaiting a discovery request, provide to other parties: a computation of any category of damages claimed by the disclosing party, making available for inspection or copying under Rule 34 the documents or other evidentiary material, . . ., on which such computation is based . . . .

FED R. CIV. P 26(a)(1)(C). First Horizon contends that Robinson's initial disclosures are deficient because no "computation" of the alleged damages was provided as required by Federal Rule of Civil

2

Procedure 26(a)(1)(C). Likewise, First Horizon points out that Robinson has not identified any documents or evidentiary materials on which her alleged damages are based.

Robinson's initial disclosures indicate that she will be seeking back pay, front pay and attorney fees in an amount to be determined before trial and compensatory damages in the amount of $300,000. In response to First Horizon's motion, Robinson claims that her "computation" of damages is based upon her tax returns that have already been provided to First Horizon. Robinson avers that she has not provided her 2004 tax return, but plans to do so.

After Robinson provides her 2004 tax return, First Horizon should have enough information in its possession to determine how Robinson computed her alleged damages. Accordingly, Robinson is ordered to supplement her initial disclosures by producing her 2004 tax return within eleven (11) days from the date of entry of this order.

B. <u>RESPONSES TO INTERROGATORIES</u>

In regard to Interrogatory No. 1, First Horizon requests that Robinson identify every person who she believes may have discoverable information. First Horizon also asks Robinson to include what discoverable information she believes each person identified has with respect to this action. In response, Robinson identified one individual, but did not indicate what discoverable

information she believes this individual has with regard to this case. Accordingly, Robinson is ordered to supplement her response within eleven (11) days from the date of entry of this order to include what information she believes the individual identified has with respect to this action.

In regard to Interrogatory No. 11, First Horizon asks that Robinson indicate whether or not she is making a claim for emotional distress or physical or medical damages. If Robinson is making such a claim, First Horizon seeks the names, addresses, and telephone numbers of each individual who has rendered a diagnonsis and/or treatment to Robinson since January 1995. Robinson responded to the interrogatory by stating "none at this time."

First Horizon now seeks to clarify whether there are physicians or other healthcare providers responsive to Interrogatory No. 11. Robinson makes it clear in her response to the motion that she will not have medical proof in this trial and she is not making a claim for emotional or medical damages. Accordingly, First Horizon's request for a supplemental disclosure in regard to Interrogatory No. 11 is moot.

C.  RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

First Horizon's first request for production of documents seeks an Authorization for Release of Health Information and an Authorization for Release of Psychotherapy Notes. Robinson

4

responded to this request and produced signed documents, but the releases were not notarized. In order for releases to be in compliance with HIPAA, they must be notarized. First Horizon sent extra copies to Robinson and requested that she sign them in the presence of a Notary Public, but these copies have not been returned. Accordingly, Robinson is ordered to provide First Horizon with notarized releases for health information and psychotherapy notes within eleven (11) days from the date of entry of this order.

Robinson is also ordered to designate by number the documents that are responsive to First Horizon's numbered requests within eleven (11) days from the date of entry of this order.

IT IS SO ORDERED this 2nd day of May, 2005.

                                                                /s/ Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 27 in case 2:04-CV-02333 was distributed by fax, mail, or direct printing on May 3, 2005 to the parties listed.

---

Richard B. Fields
LAW OFFICE OF RICHARD B. FIELDS
688 Jefferson Ave.
Memphis, TN 38105--193

Craig Cowart
LEWIS FISHER HENDERSON & CLAXTON, LLP
6410 Poplar Ave.
Ste. 300
Memphis, TN 38119

Frederick J. Lewis
LEWIS FISHER HENDERSON & CLAXTON, LLP
6410 Poplar Ave.
Ste. 300
Memphis, TN 38119

Honorable Bernice Donald
US DISTRICT COURT